Filed 4/5/16  P. v. Whitman CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>ALPHONSO EARL WHITMAN,<br><br>    Defendant and Appellant. | C078033<br><br>(Super. Ct. Nos.<br>14F00992, 12F06701) |

This is an appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

On October 4, 2012, California Highway Patrol officers stopped defendant Alphonso Earl Whitman for driving a car with tinted front windows and a missing license plate.  Defendant appeared intoxicated.  After failing a field sobriety test, he was arrested.  A search incident to arrest revealed two bindles of cocaine.

In case No. 12F06701, defendant entered a plea of no contest to possession of a controlled substance, to wit, cocaine. (Health & Saf. Code, § 11350, subd. (a).) The court suspended imposition of sentence and granted probation for a term of five years.

On February 7, 2014, officers conducted a formal probation search of defendant's apartment and discovered two hypodermic needles, a spoon with a light brown liquid, 463 oxycodone pills, 109 hydrocodone pills, two digital scales, numerous empty pill containers, a chemical test kit, and $1,198 in cash. Defendant admitted that he did not have a prescription for the pills. He claimed the cash was from lottery winnings and a Pell Grant.

In case No. 14F00992, defendant's *Pitchess*[1] motion was denied by the trial court, which conducted an in camera review and found no records were to be disclosed. Defendant subsequently entered a plea of no contest to two counts of possession of a controlled substance for sale (Health & Saf. Code, § 11351 – counts one [hydrocodone] and two [oxycodone]), and admitted a strike prior (§§ 667, subds. (b)-(i), 1170.12 [1995 forcible rape (§ 261, subd. (a)(2))]). Defendant also admitted violating probation in case No. 12F06701.

In case No. 14F00992, after denying defendant's request to dismiss the strike prior (Pen. Code, § 1385) , the trial court sentenced defendant to state prison for the midterm of three years, doubled for the strike prior, for count one, and two years, stayed pursuant to Penal Code section 654, for count two. In case No. 12F06701, the court sentenced defendant to one-third the midterm or eight months.

Defendant appeals both cases. The trial court granted defendant's request for a certificate of probable cause. (Pen. Code, § 1237.5.)

---

[1] *Pitchess v. Superior Court* (1974) 11 Cal.3d 531.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

We note an error in preparation of the abstract of judgment. It fails to reflect that the court ordered defendant to pay the $240 restitution fine that had been previously ordered in case No. 12F06701. We order the abstract corrected accordingly. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

DISPOSITION

The trial court is directed to prepare a corrected abstract of judgment reflecting the $240 restitution fine in case No. 12F06701 and to forward a certified copy of the corrected abstract to the Department of Corrections and Rehabilitation. The judgment is affirmed.

                                                                     NICHOLSON          , J.

We concur:


      RAYE            , P. J.


      BLEASE          , J.

3